IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

KAREN McLARK,

               Plaintiff,

     v.                                          Civil Action No.
                                                           3:15-CV-0620 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
  of Social Security,

              Defendant.

---

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF

LACHMAN, GROTON LAW FIRM        PETER A. GROTON, ESQ.
P.O. Box 89
1500 East Main St.
Endicott, NY 13761-0089

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN        EMILY M. FISHMAN, ESQ.
United States Attorney for the         Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on March 1, 2016 during a telephone conference, held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, with a directed finding of disability, for the purpose of calculating benefits owing to the plaintiff.

4) The clerk is directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: March 3, 2015
Syracuse, New York

```
                UNITED STATES  DISTRICT COURT
                NORTHERN DISTRICT OF NEW YORK
                ------------------------------------x
                KAREN McLARK,

                                    Plaintiff,

                vs.                      3:15-CV-620

                CAROLYN W. COLVIN, Acting Commissioner
                of Social Security,

                                    Defendant.

                ------------------------------------x

                    Transcript of a Decision held during a

                Telephone Conference on March 1, 2016, at the

                James Hanley Federal Building, 100 South Clinton

                Street, Syracuse, New York, the HONORABLE DAVID E.

                PEEBLES, United States Magistrate Judge, Presiding.

                            A P P E A R A N C E S

                              (By Telephone)

                For Plaintiff:     LACHMAN, GORTON LAW FIRM
                                   Attorneys at Law
                                   P.O. Box 89
                                   1500 East Main Street
                                   Endicott, New York  13761-0089
                                     BY:  PETER A. GORTON, ESQ.

                For Defendant:     SOCIAL SECURITY ADMINISTRATION
                                   Office of Regional General Counsel
                                   Region II
                                   26 Federal Plaza, Room 3904
                                   New York, New York  10278
                                     BY:  EMILY M. FISHMAN, ESQ.

                        Jodi L. Hibbard, RPR, CSR, CRR
                       Official United States Court Reporter
                           100 South Clinton Street
                         Syracuse, New York  13261-7367
                                (315) 234-8547
```

1                    (The following is an excerpt from the
2                     telephone conference held on 3/1/16.)
3                (In Chambers, Counsel present via telephone.)
4           THE COURT:  All right, I'll have to let that be the
5    last word.  I appreciate excellent presentations by the
6    parties, both written and oral.
7           I have before me a request for judicial review of
8    an adverse determination by the Commissioner pursuant to 42
9    United States Code Section 405(g).
10          The background of the case is as follows:  The
11   plaintiff was born in July of 1969 and, by my math, is
12   currently 46 years of age.  She has a 12th grade education
13   and has taken some business and computer courses following
14   high school.
15          She last worked in 2008.  The extent of her
16   employment, the description is somewhat cryptic but it
17   appears that she worked for a private company in a, in a --
18   some sort of hangar or office environment where she had
19   various tasks associated with private charter jets.  Prior to
20   2000, she also worked as a cashier and packager in a candy
21   manufacturing operation, and as an assistant manager in a
22   YMCA.  She lives in a house, it appears with two children.
23          She suffers from various physical and mental
24   impairments, including carpal tunnel syndrome, myalgia and
25   arthritis, obesity, and a mental condition that's been

1   variously diagnosed, including as anxiety disorder,
2   adjustment disorder, and major depressive disorder.  Her
3   primary physician is Dr. Lazarus Gehring, who she has seen
4   since 2007.  She also treats with both Dr. Eric Lin, a
5   psychiatrist, and Kyle Webb, a licensed clinical social
6   worker, and has since January 2010.  She sees Counselor Webb
7   approximately two times per month.  She has suffered
8   physically from pain in her arms, neck, side, back, and
9   numbness and tingling in her fingers.  She's tried various
10  regimens including physical therapy.  She has been on various
11  medications including significantly Wellbutrin, Abilify, and
12  Seroquel.
13              Procedurally, this case has had a somewhat tortured
14  history.  The case has as its genesis applications filed in
15  July of 2010 by the plaintiff for Disability Insurance
16  benefits and Supplemental Security Income payments alleging a
17  disability onset date of March 18, 2008.  A hearing was
18  conducted on November 14, 2011 by Administrative Law Judge
19  John Ramos.  He issued a decision in December of 2011,
20  finding that the plaintiff was not disabled at the relevant
21  times.  The Social Security Appeals Council denied review of
22  that determination on May 14, 2013.  Plaintiff commenced an
23  action in this court on June 14, 2013 seeking review.  The
24  matter was subject to a consensual remand to the agency on
25  April 8, 2014, and this case -- the first case, 13-CV-684,

1  was closed.

2  The Social Security Administration Appeals Council
3  subsequently vacated the first decision on September 17,
4  2014, and directed the administrative law judge to consider
5  certain matters, including to further consider the extent of
6  plaintiff's mental impairments.

7  A second hearing was conducted on January 27, 2015,
8  at which a vocational expert also testified.  Judge Ramos
9  issued a second decision on March 9, 2015, again finding that
10 plaintiff was not disabled at the relevant times.  In his
11 decision, ALJ Ramos went through the well-known five-step
12 sequential analysis to determine disability, concluding the
13 plaintiff was insured through December 31, 2013, had not
14 engaged in substantial gainful activity since March 18, 2008,
15 suffered at step three from several severe impairments
16 including mild bilateral carpal tunnel syndrome and mild left
17 ulnar nerve entrapment, myalgia and myo -- m-y-o-s-i-t-i-s,
18 obesity, and major depressive disorder.  He concluded after
19 specifically reviewing the B and C criteria of the mental
20 impairment listing that plaintiff's conditions did not meet
21 or medically equal any of the listed presumptively disabling
22 conditions set forth in the regulations.

23 The ALJ specifically indicated that when making his
24 analysis, he did consider the effects of plaintiff's
25 diagnosed obesity.  The administrative law judge then

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547

1  surveyed the available medical evidence in the record and
2  concluded that plaintiff has the ability, capacity, the
3  residual functional capacity, or RFC, to perform light work
4  with several limitations that relate to both her physical
5  conditions and her mental conditions.
6       Mentally, the ALJ concluded that the plaintiff
7  retains the ability to follow, understand and follow simple
8  instructions and directions, perform simple tasks with
9  supervision and independently, maintain
10 attention/concentration for simple tasks, regularly attend to
11 a routine and maintain a schedule, relate to and interact
12 with others to the extent necessary to carry out simple
13 tasks, but should avoid work requiring more complex
14 interaction or joint effort to achieve work goals, and can
15 handle reasonable levels of simple work-related stress, in
16 that she can make occasional simple decisions, directly
17 related to the completion of her tasks in a stable,
18 unchanging work environment.
19      The administrative law judge then concluded that
20 plaintiff is not capable, given her RFC, of performing her
21 past relevant work.  The medical vocational guidelines,
22 according to the ALJ, would direct a finding of no
23 disability, specifically citing Rule 202.21.  However,
24 determining that the job base on which the grids are
25 predicated would be unduly eroded by plaintiff's

1 nonexertional limitations, the vocational expert testimony
2 was elicited, and a determination was made that there are
3 three jobs, including storage facility clerk, usher/lobby
4 attendant or ticket taker, and salon attendant that could be
5 performed by the plaintiff, despite her limitations.
6     The task of the court, as you know, is extremely
7 limited and the court's review is very deferential. My job
8 is to determine whether there is substantial evidence
9 supporting the administrative law judge's determination and
10 whether correct legal principles were applied.
11     Substantial evidence of course has been defined as
12 such relevant evidence as a reasonable mind might accept as
13 adequate to support a conclusion.
14     In this case, I have -- Judge Ramos is clearly an
15 experienced administrative law judge, I have seen many of his
16 decisions. In this case, however, I agree with plaintiff's
17 counsel that he absolutely committed error by not treating
18 Dr. Lin as a treating source. Dr. Lin, by the time he
19 rendered his opinion of September 30, 2011, by my count had
20 seen the plaintiff 15 times. He also supervised Kyle Webb in
21 the same clinic and oversaw Kyle Webb's treatment. Dr. Lin
22 is clearly a specialist. It is in my view error for the
23 administrative law judge not to have considered Dr. Lin as a
24 treating source. And I cannot conclude that that error was
25 harmless.

20

1     I also note that there are opinions from Kyle Webb
2  that are inconsistent with the RFC finding of the
3  administrative law judge.  And although Kyle Webb is not an
4  acceptable medical source, he can clearly provide -- she, I'm
5  sorry, it's a she apparently, can clearly provide insights
6  into the severity and effects of a diagnosed impairment on
7  the plaintiff's functionality.  Clearly Dr. Lin and
8  Dr. Gehring have diagnosed plaintiff's mental condition and
9  clearly LSCW -- LCSW Webb is able to give insights into the
10 severity and effects of that diagnosed condition on
11 functionality under SSR 06-03p and *Jones v. Astrue*.
12     The ALJ should have, in rejecting Kyle Webb's
13 opinion, should have considered the Section 1527(d) factors
14 but did not.  I also note that Dr. Gehring, plaintiff's
15 treating primary source, has rendered opinions that were
16 rejected without proper explanation, and those opinions are
17 very congruent with the opinions given by Dr. Lin and
18 Counselor Webb.
19     It appears to be clear that the administrative law
20 judge improperly elevated the opinions of Dr. Long, a
21 one-time consultant from 2010, and Dr. Harding, who did not
22 examine the plaintiff, but rendered an opinion in 2010, over
23 contrary opinions of long-standing treating sources,
24 something that the courts have said should only be done with
25 caution.  And that includes the Second Circuit's decision in

1  *Selian v. Astrue*.

2  Clearly, in my view, the RFC finding in this case
3  is infected. The RFC finding is inconsistent with the
4  opinions of Dr. Lin from September 30, 2011 and Kyle Webb
5  from later, in the addendum from October 23, 2014. Also
6  inconsistent with Dr. Gehring from November 4, 2014, who
7  stated that the plaintiff would be off task more than
8  33 percent of the day, and would be absent more than four
9  days per month, both of which are inconsistent with work.

10  The only question in my mind is whether the matter
11  should be remanded with or without a directed finding of
12  disability. As you know, reversal and remand for the
13  calculation of benefits is warranted when there is persuasive
14  proof of disability in the record and further development of
15  the record would not serve any purpose.

16  In this case, I make that finding. The -- clearly
17  Dr. Lin, his opinions, the number of marked, marked
18  impairments in concentration and persistence, interaction
19  with others, adaptation of stress, is inconsistent with work.
20  The finding that plaintiff would be more than -- absent more
21  than three times per month in Dr. Lin's opinion, and more
22  than four times per month in Kyle Webb's opinion, is totally
23  consistent with Dr. Gehring's opinion from November 4, 2015,
24  and is also inconsistent with work.

25  So -- and I must confess that one of the things

1  that factored into my determination is the length of time
2  that this matter has been pending.  This application has been
3  pending since July 1st of 2010, nearly six years.
4              So I'm going to issue judgment on the pleadings to
5  the plaintiff, vacating Commissioner's determination,
6  directing a finding of disability and remanding the matter
7  solely for the purpose of calculation of benefits in this
8  case.
9              Again, I thank you both for excellent
10 presentations, I look forward to working with you in the
11 future.  Have a great day.
12             MR. GORTON:  Thank you, your Honor.
13             MS. FISHMAN:  Thank you.
14                  (Proceedings Adjourned, 2:40 p.m.)
15
16
17
18
19
20
21
22
23
24
25

1     CERTIFICATE OF OFFICIAL REPORTER
2
3
4         I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5     Official Realtime Court Reporter, in and for the
6     United States District Court for the Northern
7     District of New York, DO HEREBY CERTIFY that
8     pursuant to Section 753, Title 28, United States
9     Code, that the foregoing is a true and correct
10    transcript of the stenographically reported
11    proceedings held in the above-entitled matter and
12    that the transcript page format is in conformance
13    with the regulations of the Judicial Conference of
14    the United States.
15
16                    Dated this 2nd day of March, 2016.
17
18
19                              /S/ JODI L. HIBBARD
20                              JODI L. HIBBARD, RPR, CRR, CSR
                                Official U.S. Court Reporter
21
22
23
24
25