IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

KAREN McLARK,

                Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

Civil Action No.
6:15-CV-0620 (DEP)

---

APPEARANCES:

FOR PLAINTIFF:

LACHMAN & GORTON LAW OFFICE
P.O. Box 89
1500 East Main Street
Endicott, New York 13761

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN
United States Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261

OF COUNSEL:

PETER A. GORTON, ESQ.

EMILY H. FISHMAN, ESQ.
Special Assistant U.S. Attorney

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

After pursuing a procedural path that began with an application for Social Security benefits in July 2010 and culminated in a favorable judicial decision in March 2016, plaintiff has filed a motion seeking the court's approval of payment to her attorney from the funds awarded to her based on the favorable judicial decision. Acting Commissioner of Social Security Carolyn Colvin, the defendant in this action, does not oppose the application, provided that plaintiff's counsel is required to credit plaintiff with the amounts previously received from the Social Security Administration ("SSA") in connection with the matter pursuant to the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412.[1] Having carefully reviewed plaintiff's application and found that it conforms with the governing legal principles, and that the fees sought are reasonable, plaintiff's application is granted.

I.  BACKGROUND

On July 1, 2010, plaintiff Karen McLark applied for disability benefits and supplemental security income payments under Titles II and XVI of the Social Security Act, as amended, respectively. Following the initial denial

---

[1] This matter is before me on consent of the parties, pursuant to 28 U.S.C. § 636(c). Dkt. No. 13.

of those applications, a hearing was conducted on November 14, 2011, by Administrative Law Judge ("ALJ") John Ramos. ALJ Ramos subsequently issued a decision on December 22, 2011, finding that plaintiff was not disabled at the relevant times and denying her application for benefits. That decision became a final determination of the SSA on May 14, 2013, when the SSA Appeals Council denied plaintiff's request for review of the matter.

On June 14, 2013, plaintiff commenced an action in this court challenging the Acting Commissioner's determination. *McLark v. Colvin*, No. 13-CV-0684 (N.D.N.Y. filed June 14, 2013). The result of that action was a consent order, dated April 8, 2014, remanding the matter to the Commissioner for further consideration. The court thereafter approved a payment under the EAJA to plaintiff's counsel in the amount of $5,000.

After the matter was remanded to the Commissioner, a further hearing was conducted by ALJ Ramos on January 27, 2015. The ALJ issued a second decision on March 9, 2015, again finding that plaintiff was not disabled at the relevant times and therefore ineligible for payment of benefits. Plaintiff subsequently commenced this action on May 21, 2015, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) seeking judicial review of that second determination. The result of this action was a decision and

3

judgment entered on March 3, 2016, vacating the Commissioner's determination and remanding the matter with a directed finding of disability and for the sole purpose of calculating the benefits owed to plaintiff. As a result of that determination, an order was entered on March 15, 2016, approving plaintiff's request for payment of the additional sum of $6,400 in attorney's fees pursuant to the EAJA.

## II.    PROCEDURAL HISTORY

On September 30, 2016, plaintiff filed the instant application for approval of payment of attorney's fees from past benefits due to the plaintiff in the amount of $20,037.00 pursuant to 42 U.S.C. § 406(b)(1). Dkt. No. 21. Included with plaintiff's submission, *inter alia*, are summaries of the time expended by counsel on plaintiff's behalf with respect to both the administrative and the judicial proceedings outlined above. *Id.* The Acting Commissioner responded to the pending application by letter dated October 4, 2016. Dkt. No. 22. In that response, she does not oppose the application but notes the court's responsibility to ensure that the requested relief is reasonable, and that plaintiff is properly credited with the $11,400 received by her counsel pursuant to the two prior EAJA applications. *Id.*

III. <u>DISCUSSION</u>

Plaintiff's application is made pursuant to 42 U.S.C. § 406(b), which provides, in relevant part, as follows:

> (b) Fees for representation before court
>
> > (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). As the Supreme Court has noted, section 406(b) does not supplant contingency fee arrangements such as that entered into between plaintiff and her attorney, but does require the court to engage in an independent analysis to assure that the result dictated by the contingency arrangement is reasonable given the circumstances of the particular case at hand. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08

(2002). Based upon that review, if the court finds that "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, plaintiff's application reveals that her counsel, Peter A. Gorton, Esq., expended 37.7 hours at the administrative level, 27.5 hours in connection with the first federal court action, and 34.1 hours in this action, performing legal services on plaintiff's behalf in connection with her efforts to secure Social Security benefits. Dkt. No. 21-1 at 9-12. The application also includes a copy of the retainer agreement entered into on April 28, 2010, between Attorney Gordon and plaintiff, under which plaintiff agreed to pay a fee equal to twenty-five percent of all back benefits awarded in the event the case was appealed into the courts and the plaintiff prevailed. *Id.* at 15. That amount, according to plaintiff's application, equals $20,037. Dividing that sum by the total number of hours expended, 99.3, yields an effective hourly rate of $201.78. That amount falls comfortably within hourly rates that have been approved in this district for experienced attorneys, especially those with expertise in a particular area of practice. *See, e.g., See, e.g.*, *Luessenhop v. Clinton Cnty., N.Y.*, 558 F. Supp. 2d 247, 266 (N.D.N.Y. 2008) (Treece, M.J.) (noting that the prevailing market hourly rate is now higher than $210 and

awarding attorney's fees at a rate of $235); *Doe v. Kaiser*, No. 06-CV-1045, 2007 WL 2027824, at *9-10 (N.D.N.Y. July 9, 2007) (Peebles, M.J.) (attorney's fee award calculated at an hourly rate of $250 based on consideration of what a reasonable client in the Syracuse, New York, community would pay and the experience of the attorney); *Hoblock v. Albany Cnty. Bd. of Elections*, No. 04-CV-1205, 2006 WL 3248402, at *3 (N.D.N.Y, Nov. 7, 2006) (Kahn, J.) (awarding attorney's fees at an hourly rate of $225.00); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 193-94 (2d Cir. 2007) (affirming the district court's finding that recovery of attorney's fees should be calculated based upon the hourly rate of $210 for experienced attorneys). Accordingly, I find the amount sought by plaintiff's counsel in his pending application is fair and reasonable, and consistent with the retainer agreement entered into with his client.

IV. <u>SUMMARY AND RECOMMENDATION</u>

Having reviewed this matter and determined that the fee resulting from the retainer agreement entered into between plaintiff and her attorney is reasonable, I conclude that plaintiff's counsel is entitled to the amount being withheld by the Acting Commissioner, in the sum of $20,037.00, from unpaid benefits due to the plaintiff, conditioned upon counsel's

repayment to plaintiff of the amounts received pursuant to two prior EAJA fee applications, totaling $11,400.00. Accordingly, it is hereby

ORDERED as follows:

(1) Plaintiff's attorney is hereby awarded attorney's fees of $20,037.00, to be paid by the Acting Commissioner out of the amounts being withheld from payment to plaintiff of past benefits owed in accordance with the court's prior order and judgment in this matter.

(2) The foregoing order is conditioned upon the requirement that plaintiff's attorney refund the plaintiff the amount of $11,400.00, representing prior fees recovered by counsel under the EAJA.

(3) The clerk is respectfully directed to forward copies of this order to counsel for the parties pursuant to the court's local rules.

Dated: October 27, 2016
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge